IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IVAN NAUMOV,

      Plaintiff,

vs.        Civil Action No. 08-622

PROGRESSIVE INSURANCE AGENCY,
INC. t/d/b/a PROGRESSIVE, and
PROGRESSIVE NORTHERN
INSURANCE COMPANY,

      Defendants.

AMBROSE, Chief District Judge

## OPINION AND
## ORDER OF THE COURT

### Synopsis

Plaintiff in this diversity action was arrested after Defendant, its insurer, reported to the authorities that Plaintiff had engaged in insurance fraud. Plaintiff asserts claims for slander, false imprisonment, malicious prosecution, negligence and bad faith against Defendant. Defendant has moved to dismiss the complaint in its entirety. For the reasons set forth below, I grant Defendant's motion to dismiss with respect to the claims for slander and false imprisonment, and deny the motion to dismiss with respect to the claims of negligence, malicious prosecution and bad faith.

### I. Applicable Standard

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and

all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007). "The issue is not whether the plaintiff will prevail at the end but only whether [she] should be entitled to offer evidence to support [her] claim." Williams v. Sebek, 2007 WL 790386, at *1 (W.D. Pa. Mar. 14, 2007) (citing Neitzke v. Williams, 490 U.S. 319 (1989)).

**II. Factual Allegations**

Plaintiff Ivan Naumov ("Naumov") received automobile insurance coverage through Defendant Progressive Northern Insurance Company ("Progressive") pursuant to policy number AU-61077769-6 (the "Policy"). (Complaint, [Docket No. 1], at ¶ 4.) The Policy provided coverage in the event of damage to Naumov's motor vehicle, and was in full force and effect at all relevant times. (Id. at ¶¶ 6, 7.)

On or about June 23, 2005, Naumov's unattended, parked vehicle sustained damage as a result of another vehicle hitting it and/or as a result of vandalism. (Id. at ¶ 8.) Naumov promptly reported this damage to Progressive, which issued Progressive Insurance Claim No. 056126687. (Id. at ¶9.) Thereafter, Progressive initiated an investigation to evaluate the facts surrounding the damage to the vehicle. (Id. at ¶ 10.) Naumov cooperated with Progressive in connection with the investigation and provided Progressive with all relevant information requested. (Id. at ¶ 11.)

According to the Complaint, Progressive failed to properly investigate the damage sustained by Naumov's vehicle. (Id. at ¶ 37.) During the course of its investigation, Progressive told police officers, neighbors and other individuals that it suspected Naumov of committing insurance fraud. (Id. at ¶ 13.) Moreover, Progressive carelessly, recklessly and/or negligently

initiated a criminal action for insurance fraud against Naumov with the Allegheny County Police. (Id. at ¶38.) At the time Progressive reported Naumov to the police department, Progressive knew that Naumov had not committed insurance fraud and acted knowingly or recklessly and without a reasonable basis to accuse him of insurance fraud. (Id. at ¶¶ 52, 53.)

As a result of Progressive's erroneous report of insurance fraud, on or about January 27, 2006, Naumov was arrested and charged with insurance fraud in violation of PACC 4117(a)(2) by the Allegheny County Police Department, at OTN No. H598850-0 and Docket No. CR-9-06. (Id. at ¶ 12.) On or about February 1, 2007, "after enduring over a year of humiliation, embarrassment, loss of reputation, legal fees, expert witness fees, and loss of wages," the charges were withdrawn by the Allegheny County District Attorney's Office pursuant to Pa.R.Crim.P. 561(A). (Id. at ¶ 16.)

### III. Progressive's Motion to Dismiss

#### A. Negligence

Count V of the Complaint[1] alleges that Progressive "failed to properly investigate the vehicular damage sustained by Plaintiff's vehicle" and "carelessly, recklessly and/or negligently initiated a criminal action against Plaintiff with the Allegheny County Police." (Complaint, ¶¶ 18-19. Progressive argues that "[b]ecause Plaintiff fails to establish any duty owed by Progressive, Plaintiff's claim[] for negligence should be dismissed." (Def. Mem. at 7.)

"In Pennsylvania, there is no separate tort law cause of action against an insurer for

---

[1]Counts one through four of the Complaint were alleged against Progressive Insurance Agency, Inc. t/d/b/a Progressive. The parties filed a Stipulation of Dismissal of Defendant Progressive Insurance Agency on May 28, 2008. Accordingly, only Counts five through eight of the Complaint are relevant to this motion.

negligence and breach of fiduciary duty: such claims must be brought in contract." Ingersoll-Rand Equip. Corp. v. Transportation Ins. Co., 963 F. Supp. 452, 453 (M.D. Pa. 1997) (citing Greater N.Y. Mut. Ins. Co. v. North River Ins. Co., 872 F. Supp. 1403, 1409 (E.D. Pa. 1995), aff'd, 85 F.3d 1088 (3d Cir. 1996)). "The gist of the action doctrine bars tort claims where the duties allegedly breached were created and grounded in the contract itself or the tort claim essentially duplicates a breach of contract claim or the success of the tort claim is wholly dependent on the terms of the contract." Acme-Hardesty Co. v. Wenger, 2003 WL 1847461, at *4 (Pa. Com. Pl. Jan. 31, 2003) (citing Etol, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 14 (Pa. Super. 2002)). Progressive's obligation to properly investigate an insurance claim is contractual in nature, and therefore cannot provide the basis for a negligence claim. However, Plaintiff's allegation that Progressive negligently initiated a criminal action against Plaintiff does not depend on the parties' contractual relationship, and may not be so summarily dismissed.

"The primary element in any negligence cause of action is that the defendant owes a duty of care to the plaintiff." Collins v. Christie, 2007 WL 2407105, at *5 (E.D. Pa. Aug. 22, 2007) (quoting Althaus v. Cohen, 756 A.2d 1166, 1168 (Pa. 2000)). "Whether a defendant owes a duty of care to a particular plaintiff is a question of law." Id. at *6 (citing Kleinknecht v. Gettysbur College, 989 F.2d 1360, 1366 (3d Cir. 1993)). The Pennsylvania Supreme Court has set forth five factors which must be weighed in determining whether a duty exists in a particular case: (1) the relationship between the parties; (2) the social utility of the defendant's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) consequences of imposing a duty upon the defendant; and (5) the overall public interest in the proposed solution. Id. (citing Althaus, 756 A.2d at 1169). No one factor is dispositive, thus the court must impose a duty of

4

care when the balance of the factors weighs in favor of imposing such a burden on a defendant. Id. (citing Phillips v. Cricket Lighters, 841 A.2d 1000, 1008-09 (Pa. 2003)).

Under the first factor, the parties had a contractual relationship at the time in question. This contractual relationship, between an insurer and insured, obligated the insurer to act in good faith with respect to investigation and handling of claims, an obligation that does not impose a duty of care for purposes of a negligence claim under Pennsylvania law. Accordingly, I find that the parties' relationship weighs against imposing a duty of care on the insurer.

Similarly, the social utility of Progressive's actions, in reporting suspected insurance fraud to the authorities, disfavors creating a duty of care. Progressive places great emphasis on its statutory requirement to report suspected insurance fraud. Title 75, section 1817, requires "[e]very insurer licensed to do business in this Commonwealth. . . who has a reasonable basis to believe insurance fraud has occurred shall be required to report the incidence of suspected insurance fraud to Federal, State or local criminal law enforcement authorities." 17 Pa. C.S.A. § 1817 (2008). Thus, to the extent imposing a duty of care might serve to discourage insurers from fulfilling their statutory obligations, I conclude that the statutory obligation to notify the criminal authorities weighs against finding a duty of care.

"Balanced against this social utility in reporting an alleged [insurance fraud], however, is the potential risk of an erroneous report." Collins, 2007 WL 2407105, at *7. As the court explained in Collins, "to provide a police officer with false or inaccurate information results in substantial harm to the accused, including his termination from his employment and his arrest and incarceration. This harm is foreseeable given the involvement of the police and the seriousness of the accusations." Id. Here, plaintiff has alleged that Progressive's negligent act in

falsely reporting insurance fraud resulted in his being arrested for and charged with insurance fraud, causing humiliation and embarrassment, loss of reputation, legal fees, expert witness fees, lost wages and emotional upset. (Complaint, ¶¶ 12, 16 and 39.) Accordingly, I find that this factor weighs in favor of imposing a duty of care on Progressive.

The final factor evaluates the overall public interest in the solution. Here, I find the public interest reflected in the statute's civil immunity provision. Title 75, section 1818, provides: "No person shall be subject to civil liability for libel, violation of privacy, or otherwise by virtue of the filing of reports or furnishing of other information, in good faith and without malice, required by this subchapter." 75 Pa. C.S.A. 1818 (2008). The statute does not provide absolute immunity from civil suit to insurers who report insurance fraud. Rather, immunity is conferred only where the insurer acted in good faith and without malice. Section 1817 also requires that the insurer have a "reasonable basis to believe insurance fraud has occurred."

Neither party herein has addressed how the qualified immunity provided by section 1818 affects the analysis of an insurer's duty of care in reporting suspected insurance fraud. To me, it indicates that the Pennsylvania legislature was concerned with the effect that false or reckless reporting may have on the insureds. Plaintiff has alleged that Progressive failed to properly investigate the damage to his vehicle and "carelessly, recklessly and/or negligently" initiated a criminal action against Plaintiff with the Allegheny County police." (Complaint, ¶¶ 37, 38). Plaintiff further alleges that Progressive "did not have a reasonable basis for accusing" Plaintiff of insurance fraud, or of having him arrested, and that Progressive knew at the time it made its report that Plaintiff had not committed insurance fraud. (Id. at ¶¶48, 52.) Finally, Plaintiff alleged that "Defendant knowingly or recklessly acted without a reasonable basis to accuse

Plaintiff of committing insurance fraud." (Id. at 53.) Given these allegations, and the public interest in only protecting insurers who have acted with reasonable basis and in good faith, I find that public interest weighs in favor of a duty of care.

While the factors set forth above cut both in favor of and against a finding that Progressive owed Plaintiff a duty of care in its decision to report insurance fraud, I find that the Complaint does allege a duty of care on the part of Progressive towards its insured in the context of its decision to report suspected insurance fraud. While Progressive's alleged failure to adequately investigate the damage to Plaintiff's car, alone, does not set forth a claim for negligence, I find that Progressive's failure to adequately investigate the vehicular damage, combined with its false or reckless report of suspected insurance fraud to the criminal authorities, does set forth a claim for negligence. Accordingly, Progressive's motion to dismiss the negligence claim is denied.

### B. Slander

Plaintiff alleges that "Defendants may have told police officers, neighbors, and other individuals during the course of its investigation that Defendants suspected Plaintiff of committing insurance fraud and other crimes." (Complaint, ¶ 13.). Plaintiff further alleges that such statements were made "intentionally, willfully, maliciously, and were made with knowledge of their falsity or with reckless disregard for their truth." (Id. at ¶ 41.) Progressive has moved to dismiss this claim on the ground that it is barred by the statute of limitations.

In Pennsylvania, the statute of limitations for slander is one year. 42 Pa. C.S.A. § 5523. Where a plaintiff asserts a claim for slander based on statements that occurred more than a year prior to the initiation of the lawsuit, the plaintiff's claim is time-barred. See Hensley v.

7

Nationwide Mut. Ins. Co., 1999 WL 391071, at *3 (E.D. Pa. June 14, 1999). Here, the alleged slander occurred on or before January 27, 2006, when Progressive reported the suspected insurance fraud to the criminal authorities. This action was commenced on January 10, 2008. Plaintiff does not dispute that his claim for slander is time-barred. (Pl. Mem. at 4.) Accordingly, I grant Progressive's motion to dismiss the claim for slander.[2]

**C. False Imprisonment/Malicious Prosecution**

Count VII of the Complaint, entitled "False Imprisonment," alleges that Progressive "falsely and maliciously caused the Plaintiff to be seized, held, and detained against his will and consent, and placed him under arrest. . .as a result of [Progressive's] false accusations against Plaintiff of committing insurance fraud." (Complaint, ¶ 46.) Plaintiff also alleges that Progressive "acted as aforesaid without any reasonable or probable cause and contrary to the laws of the Commonwealth of Pennsylvania." (Id. at ¶ 48.) Progressive moves to dismiss the claim on the grounds that Plaintiff failed to allege that Progressive actively participated in the arrest and detention. (Def. Mem. at 5.) In his opposition, Plaintiff argues that his allegations of false imprisonment also set forth a claim for malicious prosecution. (Pl. Mem. at 6.)

"Under Pennsylvania law, false arrest and imprisonment is defined as: (1) the detention or arrest of another person; (2) without adequate legal justification or probable cause." Cooper v. Muldoon, 2006 WL 1117870, at *3 (E.D. Pa. Apr. 26, 2006); see also, Simmons v. Poltrone, 1997 WL 805093, at *7 (E.D. Pa. Dec. 17, 1997) (elements of a claim for false imprisonment are: "(2) the detention of another person, and (2) the unlawfulness of such a detention."). Courts

---

[2]Because I have dismissed Plaintiff's slander claim as time-barred, I need not address Defendant's alternate argument that the statements at issue are absolutely privileged.

8

in the Third Circuit have disagreed as to the circumstances under which a private citizen can be held liable for false arrest and imprisonment. See Doby v. DeCrescenzo, 1996 WL 510095, at *13 (E.D. Pa. Sept. 9, 1996)("a private citizen can be held liable for false arrest or imprisonment if he has either knowingly provided false information to authorities or knowingly provided incomplete, misleading information to the authorities which resulted in the detention of another"); Thomas v. IPC Internat'l Corp., 2004 WL 292477, at *4 (E.D. Pa. Feb. 12, 2004) (declining to accept holding in Doby and granting summary judgment for defendant on false imprisonment claim absent evidence that defendant participated in the arrest and detainment of plaintiff); Simmons, 1997 WL 805093, at *8 ("In general, a private citizen may be liable for false imprisonment or false arrest if an officer makes an arrest without a warrant solely at the request or instigation of the private citizen."); see also, Cooper, 2006 WL 1117870, at *3-4 (discussing the dispute within the district as to the parameters of claims for false imprisonment).

I disagree that knowingly providing false or misleading information to authorities, even where it results in the detention of another, is adequate to state a claim for false imprisonment. Such a holding overly distorts the boundaries between claims of false arrest or imprisonment and malicious prosecution. Nor has Plaintiff pleaded that Progressive participated in the detention, or that the arrest was made without warrant and solely at the request or instigation of Progressive. Accordingly, I find that Plaintiff has not set forth a claim for false imprisonment.

I reach the opposite conclusion with respect to Plaintiff's claim for malicious prosecution. "In order to state a claim for malicious prosecution under Pennsylvania law, the plaintiff must aver that the defendant: (1) instituted proceedings against the plaintiff, (2) without probable cause, (3) with malice, and (4) that the proceedings were terminated in favor of the plaintiff."

9

Collins v. Christie, 2007 WL 2407105, at *8 (E.D. Pa. Aug. 22, 2007). "Under the first element, the complaint must allege that the 'defendant either directly instituted the proceedings against the plaintiff or can be charged with the responsibility for the institution of the proceedings.'" Id. (quoting Griffiths v. CIGNA Corp., 988 F.2d 457, 464 (3d Cir. 1993)).

Pennsylvania follows the Restatement (Second) of Torts with respect to determining when a private individual is considered responsible for initiating a criminal proceeding for purposes of a malicious prosecution claim. Bradley v. General Acc. Ins. Co., 778 A.2d 707, 710-11 (Pa. Super. 2001). Section 653, comment g, of the Restatement (Second) of Torts, explains:

> A private person who gives a public official information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving the information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. . . .
>
> If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information. In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by his direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, *or that the information furnished by him upon which the official acted was known to be false.*

Id. at 711 (emphasis added).

Progressive, relying on the Pennsylvania Superior Court's decision in Bradley, argues that because it had a statutory obligation to report suspected insurance fraud to the criminal authorities, who then had the discretion to determine whether charges should pursued, it cannot be considered to have initiated criminal proceedings for purposes of a malicious prosecution claim. (Def. Reply Mem. at 3.) Progressive misstates the holding in Bradley. While the court in

10

Bradley granted summary judgment dismissing the insured's claim for malicious prosecution against its insurer, the court did not broadly relieve the insurer of liability because of its statutory obligations.

> From the record it appears that the insurance companies provided information they believed to be true. Moreover, Appellants do not assert that the insurance companies provided false information to the law enforcement authorities. The prosecuting authorities had the discretion to determine whether charges should be pursued. Accordingly, we conclude that the insurance companies were not responsible for initiating the proceedings. Thus, Appellees cannot be held liable for malicious prosecution.

Bradley, 778 A.2d at 712.

Here, by contrast, we do not yet a have any "record" upon which to make similar findings. Moreover, Plaintiff has alleged that "Defendant knew that Plaintiff did not commit insurance fraud at the time Defendant reported these allegations to the Allegheny Police Department" and that Progressive "falsely and maliciously caused the Plaintiff to be seized, held and detained against his will and consent, and placed him under arrest and falsely and maliciously detained and imprisoned the Plaintiff as a result of [Progressive's] false accusations against Plaintiff of committing insurance fraud." (Complaint, ¶¶ 46, 52.)

Accordingly, I find that Plaintiff has stated a claim for malicious prosecution under Pennsylvania law.

### D. Bad Faith

Plaintiff asserts a claim for bad faith against Progressive based on Progressive's alleged (1) false accusations of insurance fraud to the criminal authorities; (2) failure to pay or settle Plaintiff's claim in good faith; and (3) failure to properly investigate Plaintiff's claim.

11

(Complaint, ¶¶ 37, 51-55.) Progressive argues that Plaintiff's bad faith claim should be dismissed because "it is not based on a frivolous or unfounded refusal to pay benefits under a policy." (Def. Mem. at 8.) Defendant's argument is without merit.

"To make out a claim for bad faith, a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim." W.V. Realty Inc. v. Northern Ins. Co. of N.Y., 334 F.3d 306, 312 (3d Cir. 2003). In addition, a claim for bad faith may arise from an insurer's investigation of the claim. See Greene v. United Svcs. Auto. Ass'n, 936 A.2d 1178, 1188 (Pa. Super. 2007) ("Bad faith conduct also includes lack of good faith investigation into facts, and failure to communicate with the claimant.") (citations omitted), appeal denied, 954 A.2d 577 (Pa. 2008); Giangreco v. United States Life Ins. Co., 168 F. Supp.2d 417, 423 (E.D. Pa. 2001) ("Failure to conduct a reasonable investigation based upon available information may demonstrate bad faith."); Henderson v. Nationwide Mut. Ins. Co., 169 F. Supp.2d 365, 369 (E.D. Pa. 2001) (denying motion to dismiss bad faith claim where plaintiff alleged that insurer "failed to objectively and fairly evaluate Plaintiff's claim, asserted defenses without reasonable basis in fact, unnecessarily and unreasonably compelled litigation, conducted an unreasonable investigation of Plaintiff's claim, and unreasonably withheld Plaintiff's policy benefits"). Finally, a claim of bad faith may be based on an insurer's use of litigation in a bad faith effort to evade a duty owed under the policy. See W.V. Realty Inc., 334 F.3d at 313; Little Souls Inc. v. State Auto Mut. Ins. Co., 2004 WL 503538, at *4 (E.D. Pa. Mar. 15, 2004) (false statements made by insurer in its declaratory judgment action are relevant to plaintiff's claim for bad faith); Krisa v. The Equitable Life Ass. Soc'y, 109 F. Supp.2d 316, 321 (E.D. Pa. 2000)

(denying motion to dismiss bad faith claim where the insured alleged that the insurer falsely and fraudulently asserted a counterclaim alleging that the insured had committed fraud in its insurance application).

Here, Plaintiff has alleged that Defendant improperly refused to pay benefits under the policy. (Complaint, ¶¶ 12, 54.) Plaintiff has further alleged that Progressive did not properly investigate its claim, and knowingly and falsely informed the criminal authorities that Plaintiff had committed insurance fraud. (Id. at ¶¶ 37, 52.) Based on these allegations, Plaintiff has stated a claim for bad faith under Pennsylvania law.

## Conclusion

Based on the foregoing, I grant Defendant's motion to dismiss Plaintiff's claims alleging slander and false imprisonment, and deny Defendant's motion to dismiss in all other respects.

## ORDER OF COURT

Having carefully considered Defendants' motion to dismiss the Complaint [Docket Nos. 7 and 8], Plaintiffs' opposition thereto [Docket No. 10 and 11], and Defendant's reply [Docket No. 14], it is hereby ORDERED that

(1) Defendant's motion to dismiss Plaintiff's claims alleging slander and false imprisonment is GRANTED;

(2) Defendant's motion to dismiss is DENIED in all other respects; and it is further ORDERED that

(3) a case management conference is scheduled for January 7, 2009 at 11:45 a.m.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge